UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RENE Z. M.,                                    )        No. CV 20-694 AGR
                        Plaintiff,             )
                                               )
            v.                                 )        MEMORANDUM OPINION AND ORDER
                                               )
ANDREW SAUL,                                   )
Commissioner of Social Security,               )
                                               )
                        Defendant.             )
                                               )

Plaintiff[1] filed this action on January 23, 2020.  The parties filed a Joint Stipulation that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration as set forth below.

---

[1]  Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 12.)

## I.

## **PROCEDURAL BACKGROUND**

Plaintiff filed an application for disability insurance benefits on February 9, 2016, and alleged an onset date of February 6, 2015.  Administrative Record ("AR") 24.  The application was denied initially.  AR 24, 87.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On April 12, 2018, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified.  AR 45-75.  Plaintiff amended the onset date to November 6, 2016.  AR 24.  On August 8, 2018, the ALJ issued a decision denying benefits.  AR 21-33.  On November 25, 2019, the Appeals Council denied review.  AR 1-6.  This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

### A.      Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B.      The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2020.  AR 26.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine; bilateral carpal tunnel syndrome; and history of bilateral rotator cuff tears status post bilateral arthroscopic surgeries.  AR 26.

The ALJ found that Plaintiff had the residual functional capacity to perform light work except that he could frequently perform all postural activities and frequently reach overhead with the bilateral upper extremities.  AR 27.  The ALJ concluded that Plaintiff was capable of performing his past relevant work as screen printer.  AR 32.

### C.      Residual Functional Capacity

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities.  *Bowen v. New York*, 476 U.S. 467, 471

---

[3]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

1 | (1986).  The RFC is a determination of "'the most [the claimant] can still do despite [the
2 | claimant's] limitations.'"  *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014)
3 | (citation omitted).  The RFC assessment must be supported by substantial evidence.
4 | *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

5 |      As discussed above, the ALJ found that Plaintiff could perform light work except
6 | that he could frequently perform all postural activities and frequently reach overhead
7 | with the bilateral upper extremities.  AR 27.

8 |      The ALJ gave weight to the medical source opinions in the record.  The ALJ gave
9 | substantial weight to the opinion of the state agency physician, who issued an opinion
10 | on July 1, 2016 based on a review of medical records through June 2016.  AR 31, 76-
11 | 86.  The state agency physician opined that Plaintiff was capable of light work except
12 | that he could frequently reach overhead with the bilateral upper extremities, and opined
13 | that Plaintiff did not have any manipulative limitations.  AR 80-84.  The ALJ gave partial
14 | weight to the opinion of Dr. Wallack, who performed a consultative internal medicine
15 | examination on June 9, 2016.  AR 31, 694-99.  On physical examination, Plaintiff had
16 | no tenderness to palpation in the midline or paraspinal areas of the back, no muscle
17 | spasm and normal range of motion.  AR 696.  Plaintiff had normal range of motion of
18 | the bilateral shoulders, elbows, and wrists.  Plaintiff had slightly reduced motor strength
19 | (4.5/5) and some reduced grip strength in the right hand.  He had a normal gait.  AR
20 | 697-98.  Dr. Wallack opined that Plaintiff had a temporary restriction in lifting/carrying
21 | 10 pounds with his right arm due to recent surgery, but no permanent restriction.  Dr.
22 | Wallack did not assess any postural or manipulative limitations.  AR 698.  The ALJ gave
23 | partial weight to Dr. Kim's report on August 21, 2015 because it predated the amended
24 | onset date by more than one year.  AR 31-32, 709-29.  Dr. Kim recommended that
25 | Plaintiff avoid lifting more than 40 pounds, limit bending or stooping to 30% of the day,
26 | and avoid repetitive forceful gripping or grasping.  AR 721-22.  An ALJ may reasonably
27 | rely on examining physicians' opinions, which constitute substantial evidence when as
28 | here they are based on independent clinical findings.  *Orn v. Astrue*, 495 F.3d 625, 632

(9th Cir. 2007).  The non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff argues that the ALJ erred in not relying on medical records that post-date the medical source opinions.

The ALJ's frequent overhead reaching limitation is supported by substantial evidence.  AR 28, 30-31.  Prior to the date of the medical source opinions, Plaintiff had a repair of the right shoulder rotator cuff tear and right biceps tendon degenerative tear on April 7, 2016.  AR 859-60.  He commenced a 12-week rehabilitation program.  AR 935.  By August 2016, Plaintiff had 90% function and intermittent pain with overhead lifting and abduction strengthening.  AR 1066.  Plaintiff was to avoid excessive overhead lifting or heavy lifting to protect the repair.  AR 1067, 1098.  Subsequently, on January 26, 2017, Plaintiff had a repair of the left shoulder rotator cuff tear.  AR 1185. On February 18, 2017, Plaintiff commenced a 24-week program of physical therapy. AR 1275.  On March 22, 2017, Plaintiff reported that he was doing well, in no pain, and exercising at the gym.  AR 1308.  It appears Plaintiff was discharged from physical therapy on May 1, 2017 after failing to show up.  AR 1294.  Moreover, overhead reaching limitation would not affect the ability to perform the work of screen printer.  *See Pedroza v. Colvin*, 2015 U.S. Dist. LEXIS 85708, *16-*17 (W.D. Tex. June 30, 2015) (noting occasional overhead reaching limitation would not eliminate screen printer job).

The ALJ's RFC assessment did not include manipulative limitations.  The screen printer job requires frequent handling and occasional fingering.  The term "handling" means the ability to seize, hold, grasp, or turn an object.  *Sylvia L.P. v. Saul*, 2019 U.S. Dist. LEXIS 149874, *5 (C.D. Cal. Sept. 3, 2019).

Plaintiff has not shown error with respect to the absence of manipulative limitations.  On June 17, 2017, a nerve conduction study indicated carpal tunnel syndrome, mild to moderate, of the left wrist.  There was no evidence of polyneuropathy or other neuropathy.  AR 1366-67.  It was recommended Plaintiff wear wrist splints, rest

hands/ wrists when possible, and modify hand activity and work environment.  AR 1367.
Plaintiff denied right wrist pain.  AR 1369.  On January 29, 2018, Tinel's sign was
positive for the wrist but not the fingers.  A wrist splint was recommended for use at
night.  The physician discussed surgical release and Plaintiff elected to wait.  AR 1444.
A nerve conduction study on February 15, 2018 indicated that Plaintiff complained of
numbness and tingling in the right hand for four months.  AR 1450; *see* AR 1359.
Plaintiff did not have hand grip weakness and had motor strength of 5/5.  AR 1451.
According to the study, Plaintiff had right mild-to-moderate carpal tunnel syndrome,
primarily myelinating in nature.  It was recommended that Plaintiff wear wrist splints at
night, rest his hand/wrist when possible, and modify his hand activity and work
environment.  AR 1453.  On January 25, 2018, Plaintiff denied dropping things, hand
numbness or difficulty with fine hand motor skills such as handling change or small
objects.  AR 1430-31.

With respect to the ALJ's frequent postural limitation, the screen printer job does
not require postural activities with the exception of occasional crouching.  Therefore,
any error would be harmless unless Plaintiff is incapable of performing occasional
crouching.  DOT 979.684-030.  The term "occasionally" means up to one-third of an
eight-hour workday.  Social Security Ruling ("SSR") 83-10, 1983 SSR LEXIS 30, *13-
*14 (Jan. 1, 1983).  The term crouching involves "bending the body downward and
forward by bending both the legs and spine."  SSR 83-14, 1983 SSR LEXIS 33, *6
(1983).

Although the issue is a close one, the matter will be remanded for reconsideration
of Plaintiff's ability to crouch during the period beginning January 1, 2018.  On April 4,
2017, Plaintiff reported low back pain of 3/10 aggravated by bending and leaning
forward.  Plaintiff had reduced range of motion and muscle strength, and a positive
Thomas sign.  AR 1325-26.  Imaging indicated that vertebral bodies were normal in
height and alignment, but there was space narrowing at L2-L3, L4-L5, and L5-S1.  AR
1332.  Plaintiff was prescribed over-the-counter acetaminophen, back strengthening

and core strengthening.  AR 1344.  On August 10, 2017, Plaintiff reported only off and on back pain.  AR 1375.  Plaintiff was advised to take naproxen.  AR 1377.

On January 8, 2018, however, Plaintiff presented with low back pain, moving down his right leg, that had worsened in the last few days.  AR 1411.  Plaintiff had tenderness in the lumbar and iliac crest, right.  Plaintiff was advised to use stretching exercises and NSAIDS.  AR 1412-13.  On January 10, 2018, Plaintiff returned, sought disability, and advised that naproxen gave him gastrointestinal upset.  Plaintiff reported right mid lower leg paresthesias and pain.  AR 1421.  Plaintiff had normal range of motion.  He was prescribed prednisone for one week.  AR 1422.  On January 25, 2018, Plaintiff complained of localized low back pain with alternating referred pain to the right leg that was aggravated by prolonged sitting and walking.  Plaintiff denied numbness or weakness in the leg.  AR 1430-31.  On  examination, Plaintiff had full lumbar flexion, extension, rotation and side bend, motor strength of 5/5, and tenderness to palpation in the low back.  AR 1433.  He had pain with extension, flexion and clear rotation with seated hip flexion.  The physician found no clear neurologic deficit suggestive of a pinched nerve and suspected lumbar rotation syndrome.  Plaintiff was told to take one Aleve every 12 hours for pain.  AR 1434.  Thus, as of January 1, 2018, Plaintiff's most recent medical records indicate that his low back pain had materially worsened with associated medical signs that call into question whether Plaintiff is capable of the occasional crouching required of the screen printer job.

## D.    Plaintiff's Allegations

In assessing a claimant's subjective allegations, the Commissioner conducts a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged.  *Id.* Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR 32.  Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms and determines the

extent to which those symptoms limit the claimant's ability to perform work-related activities.  Social Security Ruling ("SSR") 16-3p.  Absent malingering, the ALJ must give specific, clear and convincing reasons for discounting the claimant's subjective allegations.  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  To do so, the ALJ must identify the claimant's testimony that is found not to be credible and explain what evidence undermines that testimony.  On the other hand, "[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits."  *Id.*

The ALJ discounted Plaintiff's testimony for several reasons including lack of support in the medical record.  AR 32.  Because the matter is being remanded for reconsideration of the residual functional capacity, the Commissioner is free to reconsider Plaintiff's subjective allegations in that context.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Plaintiff's residual functional capacity assessment as of January 1, 2018, specifically whether Plaintiff is capable of occasional crouching required for his past relevant work of screen printer.

DATED: March 24, 2021

ALICIA G. ROSENBERG
United States Magistrate Judge